UNITED STATES BANKRUTPCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:  CASE NO. 10-31130-JKO

ANTICO STONE, LLC,

Debtor.

_____/

**CREDITOR, CITIBANK, N.A.'S, EMERGENCY MOTION TO DISMISS
ANTICO STONE, LLC's CHAPTER 7 PETITION OR,
IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY**

**Citibank respectfully requests that the Court schedule an expedited hearing on this Motion for the reasons outlined herein.**

Creditor, Citibank, N.A., pursuant to 11 U.S.C. §§ 707(a) and 362(d) and Fed. R. Bankr. P. 4001(a), 9013 and 9014, requests the Court to dismiss Antico Stone, LLC's Chapter 7 Petition, or, in the alternative, to grant relief from the automatic stay for cause.

## INTRODUCTION

Antico Stone, LLC ("Antico") is a marble, stone, and tile company in Pompano Beach, Florida. Antico borrowed from, and owes more than $1.25 million to, Citibank, N.A. ("Citibank") which holds a perfected security interest in Antico's goods, inventory, accounts receivable and other personal and intangible property. After Antico defaulted on the loan, Citibank filed a state court lawsuit against Antico seeking, among other relief, a prejudgment writ of replevin. At the hearing on the state court's Order to Show Cause, Antico claimed that more than a year earlier, it had sold all of the pledged assets to another company, M.Z.A.Y. of FL, Inc. ("MZAY"). However, at the hearing and at a court-ordered deposition conducted during an overnight recess of the hearing, it was established that MZAY, the transferee company, was owned and/or controlled by the same principals as Antico and it had continuously operated the same business at the same location with the same employees and with the same inventory.

When state court Judge Peter Weinstein announced his ruling that a writ of replevin should be issued against all of the pledged assets at the Antico business premises, Antico's counsel, through his cell phone, signaled his office to file this Chapter 7 bankruptcy in which Antico claims that Citibank's claim is unsecured when it knows that such statement is false.

Antico's Chapter 7 Petition should be dismissed for cause.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

**A.     The Loan**

On October 16, 2006, Antico executed and delivered to Citibank a Relationship Ready Credit Agreement in the original principal amount of $1,000,000.00, and on January 8, 2008, the agreement was modified to reflect an increase in the principal amount to $1,200,000.00 (collectively, the "Note"). The Note is secured by a security agreement, pledging the assets of Antico as collateral (the "Security Agreement"). Citibank owns and holds the Security Agreement and perfected its security interest in the collateral described therein ("Collateral") by filing a UCC-1 Financing Statement with the State of Florida Secured Transaction Registry. Copies of the Note, Security Agreement, and UCC-1 Financing Statement are attached as exhibits to the Complaint, which is attached to this Motion as Exhibit A.

**B.     State Court Proceedings**

On June 4, 2010, following Antico's default under the Note and Security Agreement, Citibank filed a Complaint against Antico seeking damages and the foreclosure of its security interest in the Collateral. A copy of the Complaint is attached as **Exhibit A**. As set forth in Citibank's Complaint and Verified Motion for Prejudgment Writ of Replevin, Antico owes Citibank $1,199,081.59 as principal, together with interest, late charges, attorney's fees and costs. The state court granted the Verified Motion for Prejudgment Writ of Repelvin and entered an Order to Show Cause, setting a hearing on July 22, 2010. Copies of the Verified Motion for Prejudgment Writ of Replevin and the Order to Show Cause are attached as **Composite Exhibit B**. The night before the show cause hearing, Avi Yahav ("Yahav"),

2

president and managing member of Antico, served an Affidavit[1], not disputing the debt or default, but revealing that the Collateral had been sold by Antico to MZAY on June 30, 2009 pursuant to the Net Asset Purchase Agreement ("Purchase Agreement"). Copies of Yahav's Affidavit and the Purchase Agreement are attached as **Composite Exhibit C**. In the Purchase Agreement, Antico represented that "there are no liens, law suits pending or monies due on said assets" on the Collateral (Section 3.2 of Purchase Agreement) and that "there are no unpaid liabilities, bills, or similar claims in connection with the Business or the operation, maintenance or repair of the personal property (Section 5.1 of the Purchase Agreement).

### C.  State Court Hearings

On July 22, 2010, the hearing was held on the Order to Show Cause. Copies of the transcripts from the show cause hearing are attached as **Composite Exhibit D**. At the hearing, Judge Weinstein determined that the Collateral had been sold in derogation of Citibank's lien and ordered the issuance of a writ of replevin against Antico. A copy of the Order is attached as **Exhibit E**. In addition, based on the Yahav's Affidavit and Citibank's argument that the sale to MZAY was an insider deal, the Court recessed the hearing to provide Citibank an opportunity to depose Yahav regarding the purported sale of Citibank's Collateral. Yahav was deposed on July 23, 2010. A copy of the deposition transcript is attached as **Exhibit F**. At his deposition, Yahav testified:

    a.    Yahav and Moshe Zuk ("Zuk") own and control both Antico and MZAY, and they have had a business relationship for more than 10 years. *See* Dep. at p. 7, ll. 5-11; Dep. at p. 8, ll. 12-17; Dep. at p. 13, ll. 1-5.

---

[1] The Verified Motion was filed on June 4, 2010 with the Complaint. The Court entered the Order to Show Cause on June 30, 2010, which scheduled the show cause hearing for July 22, 2010. Antico did not serve the Affidavit until after close of business the day before the hearing.

3

b.      MZAY and Antico have the same place of business which is owned by Yahav Properties, LLC, a guarantor of the Note. Yahav Properties, LLC is owned by Yahav and his wife. *See* Dep. at p. 23, ll. 14-16; Dep. at p. 31, ll. 8-15; Dep. at p. 32, ll. 10-13.

c.      The Purchase Agreement provided for the sale of the Collateral to MZAY notwithstanding that Antico owed Citibank over $1,000,000.00. *See* Dep. at p. 23, ll. 10-13; Dep. at p. 28, ll. 4-7; Dep. at p. 26, ll. 5-10.

d.      Antico falsely represented in the Purchase Agreement that Citibank did not have a lien on the Collateral. *See* Dep. at p. 28, ll. 12-14.

e.      Antico never informed Citibank of the Purchase Agreement much less obtained Citibank's consent to the sale of its Collateral. *See* Dep. at p.17, ll. 19-25, at p. 18, ll. 1-4.

f.      After execution of the Purchase Agreement, the Collateral remained at the same location and MZAY continued to do business at the Antico premises with the same employees as Antico. *See* Dep. at p. 23, ll. 17-24.

Immediately following the Yahav deposition, the show cause hearing resumed. At the hearing, Judge Weinstein expanded his ruling and held that Citibank was not only entitled to a writ of repelvin against Antico **but also** as to any other entity holding the Collateral at Antico's business premises. *See* transcript at p. 12, ll. 15-20 (July 23, 2010). However, before Judge Weinstein was able to sign the order and **while sitting in court**, Antico's counsel signaled his office, by cell phone text or email, to file this Chapter 7 bankruptcy proceeding. *See* transcript at p. 16, ll. 1-19 (July 23, 2010).

## LEGAL ARGUMENT AND DISCUSSION

Antico's bankruptcy case should be dismissed for cause pursuant to 11 U.S.C. § 707(a), because Antico has no purpose for its Petition that is consistent with the objectives of Chapter 7. *See In re Boca Village Ass'n, Inc.*, 422 B.R. 318, 324 (Bankr. S.D. Fla. 2009). The Court should not countenance Antico's bad faith attempt to take advantage of the Court's jurisdiction for purposes abhorrent to Chapter 7. In a corporate chapter 7, such as this one, the primary focus is the fair and orderly liquidation of the corporation's assets to its creditors.

4

Antico's schedules are incomplete and inaccurate. It has listed only one creditor, Citibank, in its filed schedules, and has improperly categorized Citibank's claim as wholly unsecured. *See* Debtor's Schedule F (DE 1). Antico has further estimated that there will be no funds available for distribution to unsecured creditors upon liquidation. By Antico's own admission, no orderly liquidation of assets is contemplated and the filing of the Petition therefore serves no valid purpose. Furthermore, Yahav, as Antico's Manager, attested that he executed the Statement of Financial Affairs on July 23, the same date as the incomplete petition and schedules, but he did not file it with the Petition. As of the date of this motion, the Statement of Financial Affairs has not been filed with the Court nor has a copy been provided to Citibank's counsel despite written request.[2]

The sole purpose achieved by Antico's Petition is to delay the remedy granted to Citibank by Judge Weinstein. Antico will remain in the same position inside or outside of bankruptcy and there will be no benefit to creditors. However, Citibank will be harmed due to the delay afforded by the automatic stay. *See In re Ripley and Hill, P.A.*, 176 B.R. 596, 598-99 (Bankr. M.D. Fla. 1994) (dismissal for cause where the debtor was a corporation with no assets to distribute and through a balancing test the court believed there was no benefit to creditor to continue the case – only harm to creditors due to automatic stay and a waste of judicial resources). As such, this case must be dismissed for cause pursuant to 11 U.S.C. § 707(a) as the bankruptcy serves no legitimate purpose.

Moreover, the Petition was not filed in good faith, therefore subjecting it to dismissal under § 707(a). *E.g., In re Boca Village Ass'n, Inc.*, 422 B.R. at 323; *In re Kane & Kane, a p'ship*, 409 B.R. 163, 167 (Bankr. M.D. Fla. 2009). Antico filed the Petition solely to frustrate the judicial process. Antico contrived an illegitimate transfer of the Collateral to MZAY, an entity with the same owners, employees, and place of business. The transfer was in derogation of Citibank's lien. Antico disliked the state court's decision and filed bankruptcy **during** the hearing and within seconds of the state court's order to issue the broader writ of replevin. Clearly, Antico is forum shopping, hoping for a more favorable ruling regarding the claimed validity of the Purchase Agreement and transfer of the Collateral. *See In re Bilzerian*, 276

---

[2] Of course, Antico would have to address the thorny issues regarding the alleged bulk sale of its assets to an affiliate in responding to question 10 of the Statement of Financial Affairs.

5

B.R. at 285, 287, 292 (M.D. Fla. 2002) (stating that the court is "to look at all the facts and circumstances leading up to the filing of the case," including "conduct aimed at frustrating the judicial process.") This is not worthy of a chapter 7 corporate bankruptcy. *See In re Boca Village Ass'n. Inc.*, 422 B.R. at 324; *In re Kane & Kane*, 406 B.R. at 168 (stating that the "ultimate question [is] whether the petition was filed with the intent and desire to obtain the relief that is available under a particular chapter of the Bankruptcy Code, through the means that Congress has specified, or whether the debtor is pursing some other goal.")

Forum shopping, an unauthorized transfer, an inaccurate Petition, and no distribution to creditors are not signs of a corporate chapter 7 debtor who should benefit from the bankruptcy process. Antico is not entitled to Chapter 7's protections. *See In re Boca Village Ass'n, Inc.*, 422 B.R. at 325-26 (showing a case where the bankruptcy was dismissed due to the debtor's lack of good faith when filing to avoid creditor's collection efforts and the "debtor's officers and directors orchestrated a scheme in which the debtor concealed assets, hid funds … formed a new entity one day before the petition date … for the purpose of shielding the unit owners from an assessment, not to foster a fair and orderly liquidation of the debtor's assets.")

## CONCLUSION

This Court should not allow Antico to continue to evade its obligations to Citibank. The state court granted Citibank a prejudgment writ of replevin due to Antico's insider sale to MZAY, an entity with the same owners, business location, and employees as Antico, and the lack of a defense by Antico pertaining to its default on the Note. Antico has no assets and no valid purpose for filing its Chapter 7 Petition. Antico's Petition should be dismissed for cause.

WHEREFORE, Citibank, N.A. respectfully requests that Antico's Chapter 7 Petition be dismissed, or, in the alternative, that relief be granted from the automatic stay for cause and waiver of Rule 4001(a)(3).

## CERTIFICATION

I hereby certify that I am admitted to the Bar of the United State District Court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

Respectfully submitted,

By:   /s/ Niall T. McLachlan
      Niall T. McLachlan
      Florida Bar No. 0059552
      Email: nmclachlan@carltonfields.com
      Constance D. Russell
      Florida Bar No. 0070507
      Email: crussell@carltonfields.com
      Carlton Fields, P.A.
      100 S.E. Second Street, Ste. 4200
      Miami, Florida 33131-9101
      Phone: 305-530-0050
      Fax: 305-530-0055

<u>**CERTIFICATE OF SERVICE**</u>
**Case No. 10-31130-JKO**

I HEREBY CERTIFY that on this 6th day of August, 2010, a true and correct copy of the foregoing Motion to Dismiss was served electronically with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following counsel of record:

Daniel G. Gass, Esquire
10001 NW 50 St #204
Sunrise, FL 33351
Counsel for Antico

Office of the U.S. Trustee
51 S.W. 1st Avenue
Suite 1204
Miami, FL 33130

Kenneth A. Welt, Esquire
1844 N. Nob Hill Road
Suite 615
Plantation, FL 33322

Robert A. Schatzman, Esquire
1221 Brickell Avenue
Suite 1600
Miami, FL 33131

I HEREBY CERTIFY that on this 6th day of August, 2010, a true and correct copy of the foregoing Motion to Dismiss was via U.S. Mail and Federal Express to the following party:

Antico Stone, LLC
2001 NW 44th Street
Pompano Beach, FL 33064

By: __/s/ Niall T. McLachlan__