**COMPOSITE EXHIBIT "C"**

Net Asset Purchase Agreement between Antico Stone, LLC, ("Seller") and M.Z.AY., Inc. ("Purchaser")

## NET ASSET PURCHASE AGREEMENT

This Net Asset Purchase Agreement ("Agreement") is entered in to this 30th day of June, 2009, by and between Antico Stone, LLC, ("Seller") and M.Z.A.Y. OF FL, INC. ("Purchaser").

### RECITALS

WHEREAS, Seller is the Owner of a certain business ("The Business") located at 2001 N.W. 44th Street, Pompano Beach, Florida 33064;

WHEREAS, Purchaser desires to purchase the Business including its tangible and intangible personal property referenced herein, as a going concern except any and all liabilities not specifically assumed herein, all upon the terms, provisions and conditions (and subject to the exclusions) set forth more specifically herein.

WHEREAS, Purchaser, M.Z.A.Y. OF FL, INC., is the assignee of a portion of the accounts payable due to Zuk Marble Products 1998, LTD in the amount of Five Hundred Eighty Six Thousand One Hundred Sixty Eight Dollars and NO/100 ($586,168.00) of the total of One Million Seventy Six Thousand Five Hundred Eighty Four Dollars and NO/100 ($1,076,584.00).

WHEREAS, Seller, Antico Stone, LLC, EIN: 65-1024668, has a controlling interest and is transferring and has been given the authority to transfer the net assets clear of all liabilities of the following sub-entities: Antico Stone NY, LLC, EIN: 20-2272545; Ciottoli, LLC, EIN: 56-2328221; and, Ciottoli Stoneworks NY, LLC, EIN: 20-2272701 and a Fifty Percent (50%) interest in Novo Collection East USA, Inc; EIN: 26-1817217.

NOW THEREFORE, for Ten and 00/100 Dollars ($10.00) and other good and valuable consideration, the receipt of which is hereby acknowledged by Seller, the parties agree as follows:

### ARTICLE I

1.1  **TERMS:** Subject to the terms, provisions and condition contained in this agreement, Seller shall sell to Purchaser and Purchaser shall purchase from Seller the following ("assets") more particularly described in Exhibit A:

(A)  All tangible personal property, attached hereto and incorporated herein, owned or utilized by Seller and now existing used in connection with the business now conducted thereon and the inventory as of June 30, 2009.

(B)  Buyer shall collect the receivable of Seller as of June 30, 2009 and remit same to Seller, less a twenty five percent (25%) collection allowance and administrative fee.

1

Net Asset Purchase Agreement between Antico Stone, LLC, ("Seller") and M.Z.AY., Inc. ("Purchaser")

  (C) All intangible property now or hereafter owned or utilized by Seller in connection with the Business or otherwise comprising a portion of the assets, properties or business of the Business, including, but not limited to:

    (1) all existing telephone numbers now used in connection with the operation of the Business and all advertisement of the Business paid for by Seller as of the closing date, except that Purchaser shall pay any fees arising in connection with the transfer of such telephone numbers to Purchaser.

    (2) all good will associated with the Business.

    (3) Any business name or D/B/A (Doing Business As) of Antico Stone, including but not limited to Antico, Antico Stone, and Ciottoli.

## ARTICLE II
## PURCHASE PRICE

 2.1 **PRICE:** The purchase price for the assets shall be in the sum of Five Hundred Eighty Six Thousand One Hundred Sixty Eight Dollars and NO/100 ($ 586,168.00 U.S.) ("Purchase Price"). The purchase price shall be payable as follows:

| | |
|---|---|
| Debt Forgiven by Purchaser | $ 586,168.00 |

 **ALLOCATION OF PURCHASE PRICE:** The purchase price for the assets shall be allocated as follows:

| | |
|---|---|
| Assets | $ 2,577,180 |
| Assumed Liabilities | $ 2,157,351 |
| Goodwill | $ 166,339 |

 \*\* Purchaser agrees to collect the Receivables of Seller outstanding as of June 30, 2009 and will retain twenty five percent (25%) of the amount collected and remit the balance to Seller at the end of each month.

 The foregoing allocation will be reported to the Internal Revenue Service, pursuant to the Internal Revenue Code 1060, on Form 8594 Asset Acquisition Statement, by each of the parties hereto, by attachment to their Federal Income Tax Returns for the taxable year including the date of this Agreement.

Net Asset Purchase Agreement between Antico Stone, LLC, ("Seller") and M.Z.AY., Inc. ("Purchaser")

## ARTICLE III
## TITLE

3.1   **BILL OF SALE:** Title to the personal assets shall be conveyed to purchaser at closing by delivery to Purchaser by Seller of Seller's general bill of sale ("Bill of Sale"). The bill of sale shall convey title, free and clear of all security interests, liens, encumbrances or rights of others, by the payment of cash from the sale proceeds as of the closing date.

3.2   **SELLER'S WARRANTIES**   Seller herein warrants and guarantees the flowing:

   (A)   That they are the owner's of all of the assets contemplated to be sold in this transaction.
   (B)   That they have full authority from their Board of Directors to sell the above referred to assets to Purchaser.
   (C)   That there are no liens, law suits pending or monies due on said assets.
   (D)   That the Board of Directors has appointed the signer of this agreement to complete this sale on behalf of the company and to sign on behalf of the company any and all documents necessary to complete this transaction and transfer the assets listed in Schedule A attached.
   (E)   That there are no violations of government orders (if any) and that the Seller is not in violation of any court order; that there are no known government investigations of Seller.
   (F)   Further that Seller has no knowledge as to any reason these assets cannot legally be sold to Purchaser.
   (G)   That Seller is in good standing as a Corporation in the State of Florida.

## ARTICLE IV
## COVENANTS PRIOR TO THE CLOSING

4.1   **SELLER'S DUTIES:** Through the closing date, the Seller shall have the following duties:

   (A)   Seller shall give to Purchaser, its principals and employees, reasonable access to all of the properties, books, contracts, documents, and records of Seller (including customer records relating directly or indirectly to the assets, such access being given during the Business's normal business hours. Seller will furnish to Purchaser such information with respect to the affairs of the Business as Purchaser may from time to time reasonably request. Access shall be upon reasonable advance notice to Seller, at times reasonably acceptable to Seller so as not to interfere with the business operations.

3

Net Asset Purchase Agreement between Antico Stone, LLC, ("Seller") and M.Z.AY., Inc. ("Purchaser")

(B)  Seller shall not intentionally perform any act or omit to perform any act that would (1) prevent or excuse the performance of this Agreement by the Purchaser, or (2) that would result in any representation or warranty herein contained of a party being untrue in any material respect if originally made as of the closing date.

(C)  Seller shall carry on the business of the Business in usual and customary manner in which it has been carried on.

(D)  Seller shall use its best efforts to retain the business organization of the Business intact, including keeping available the services of its present employees, representatives and vendors to the extent that Purchaser desires to retain such employees, representatives and vendors.

(E)  ~~Seller shall refrain from all acts intended to discourage any employees, representatives or vendors from becoming associated with purchaser.~~

(F)  Seller shall use its best efforts to obtain the consent of each contracting party who must consent to the assignment of any contract, lease or other instrument, assigned to purchaser hereunder.

(G)  Seller shall promptly give Purchaser written notice of the existence or occurrence of any condition that would make any representation or warranty made herein untrue, and that may prevent the consummation of the transactions contemplated herein or that would permit either party to terminate this transaction.

(H)  Seller shall not hereafter contract for any services nor make any commitments or obligations that will bind Purchaser as a successor in interest with respect to the business or assets other than:

   (1)  service or maintenance contracts that Purchaser has approved or which are cancelable within thirty (30) days or less after giving notice thereof;

   (2)  adding additional supplies and inventory as is necessary to operate the Business; and

   (3)  day-to-day employment decisions necessary for the operation of the Business provided that such decisions are made in the exercise of Seller's reasonable discretion.

(I)  Seller shall maintain in full force and effect, general liability insurance on the property through the closing date and shall comply with any covenant requiring the purchase of general liability insurance after the closing date.

(J)  Seller shall conduct the Business as follows and shall:

4

Net Asset Purchase Agreement between Antico Stone, LLC, ("Seller") and M.Z.AY., Inc. ("Purchaser")

      (1)    refrain from transferring any of the assets except to make normal replacements for wear and tear or otherwise in the ordinary course of business of the Business and refrain from creating any liens, mortgages, encumbrances, or other interests in the assets; and

      (2)    continue to meet any contractual obligations.

4.2    **PURCHASER'S DUTIES:**  Between the date hereof and the closing date:

    (A)    Purchaser shall not intentionally perform any act or omit to perform any act that would prevent or excuse the performance of this Agreement by the Seller or would result in any misrepresentation or warranty herein contained of a party being untrue in any material respect if originally made as of the closing date.

    (B)    Purchaser shall promptly give Seller written notice of the existence or occurrence of any condition that would make any representation or warranty herein contained untrue and that may prevent the consummation of the transactions contemplated herein or that would permit either party to terminate this transaction.

    (C)    Notwithstanding anything to the contrary contained herein, purchaser agrees that Seller shall have the right to collect, for Seller's own account, all of Seller's Business accounts receivable and to retain any cash or other property received by Seller in respect to such receivables.

    (D)    Purchaser shall treat as confidential, and will not submit, deliver or disclose the contents of this Agreement, or any negotiations that have been undertaken in connection therewith, or any of the contents of any properties, books, contracts, documents or records of Seller or information received from Seller pursuant to Section 6.1 (A), to any individual or entity, except purchaser's (a) shareholders; (b) employees; and (c) attorneys and accountants, all of whom shall also keep such information confidential.

## ARTICLE V
## REPRESENTATIONS AND WARRANTIES OF THE PARTIES

5.1    **REPRESENTATION AND WARRANTIES OF SELLER:**  Seller hereby represents and warrants to purchaser that:

    (A)    Seller has full power and authority to conduct business in the State of Florida and that all action necessary to authorize the execution and delivery of this Agreement and the consummation of the transaction contemplated herein by Seller has been taken;

5

Net Asset Purchase Agreement between Antico Stone, LLC, ("Seller") and M.Z.AY., Inc. ("Purchaser")

(B) Neither the execution and delivery of this Agreement by Seller, nor the consummation of the contemplated transactions by Seller, will breach or conflict with any of the terms, conditions, or provision of any order, writ, injunction, or decree of any court, which order, writ, injunction or decree is directed to the Seller in particular, or of any agreement or other instrument to which the Seller is a party or by which Seller is bound including, without limitation, any lien, encumbrances, or any other security agreement;

(C) To the best of Seller's knowledge, neither the execution and delivery or this Agreement by Seller nor the consummation of the contemplated transactions by Seller will conflict with, or result in a breach of any of the terms, conditions or provision of any law or regulation, or other order writ, injunction, or decree of any court;

(D) Seller has not yet received any notice of, nor does it have any knowledge of any violation of any law or regulation affecting the Business or assets;

(E) Seller has not received any notice, and does not have any knowledge of, or actual information regarding, any existing or threatened legal action of any kind with respect to which Seller is a party or to which the assets are subject;

(F) Other than current thirty (30) day billings and those listed on Exhibit "B" attached hereto and made a part hereof, there are no unpaid liabilities, bills, or similar claims in connection with the Business or the operation, maintenance or repair of the personal property;

(G) To the best of Seller's knowledge, there are no actions, suits, or proceedings pending or threatened against or relating to the practice or assets in any court or before any administrative agency;

(H) Seller is not subject to any commitment, obligation or agreement which would bind Purchaser subsequent to consummation of this Agreement;

(I) To the best of the Seller's knowledge, there have been prepared and filed the returns required to be filed as of their respective due date with the appropriate federal, state and local governmental agencies, all tax returns required to be filed by or on behalf of the Business, and such returns were correct and complete and that no taxes, penalties or assessments are due to be paid in connection with any such returns; that, as of the date hereof, to Seller's knowledge, the Seller is not a party to any pending action or proceeding, nor is any action or proceeding threatened by any governmental authority for the assessment or collection of income or any other taxes, and no claim for the assessment or collection of taxes has been asserted against the Business of Seller;

(J) No representation or warranty made by Seller in this Agreement, nor any statement or certificate already furnished to Purchaser in connection with the transactions contemplated herein, contains any untrue statement or omits to state a material fact necessary to make the statements contained therein not misleading;

6

Net Asset Purchase Agreement between Antico Stone, LLC, ("Seller") and M.Z.AY., Inc. ("Purchaser")

(K) This Agreement is a legal, valid, and binding obligation of Seller in accordance with its terms and conditions, subject to limitations, imposed by laws relating to the enforcement of creditors' rights upon bankruptcy, insolvency, reorganization and the like, and to usual equitable principles;

(L) The customer lists and records of the Business to be conveyed by Seller pursuant to the provisions of Section 1.1.(B)(4) hereof, will contain adequate information on each customer who has obtained the services of the Business to the best of the seller's knowledge including (1) name; (2) most recently known address, and (3) most recently known telephone numbers (home and work, if applicable);

(M) Seller has not incurred any obligation or liability, contingent or otherwise, for brokerage or finders' fees or agents' commissions or other compensation in connection with this agreement or the transaction contemplated hereby, and seller agrees to indemnify and hold harmless purchaser from and against and in respect of any such obligation or liability based in any way on agreements, arrangements or understandings claimed to have been made by purchaser with any third party.

(N) Seller has not incurred any obligation or liability, contingent or otherwise, or other compensation in connection with this agreement or the transaction contemplated hereby, and seller shall indemnify and hold harmless purchaser from and against and in respect of any such obligation or liability based in any way on agreements, arrangements or understandings claimed to have been made by seller with a third party; and

Seller makes no representation or warranty as to the amount or nature of future business that may or may not arise from seller's existing customers. Purchaser acknowledges that no such representation or warranty has been made, and that this agreement is not contingent or conditioned upon or in any way related to the amount of future business, if any, to be derived from seller's existing customers.

5.2 **REPRESENTATIONS AND WARRANTIES OF PURCHASER**: Purchaser hereby represents and warrants to seller that:

(A) Purchaser is a corporation duly organized and in good standing under the laws of the State of Florida and has full corporate power to carry on its business in the State of Florida;

(B) Neither the execution and deliver of this agreement by the purchaser, nor the consummation of the contemplated transactions, will conflict with, or result in a breach of, any of the terms, conditions or provisions or any order, writ, injunction or decree of any court, which order, writ, injunction, or decree is directed to purchaser in particular or of the Articles of Incorporation or By-laws of the purchaser, or of any agreement or other instrument, to which the purchaser is a party or is bound;

7

Net Asset Purchase Agreement between Antico Stone, LLC, ("Seller") and M.Z.AY., Inc. ("Purchaser")

(C) To purchaser's actual knowledge, neither the execution and delivery of this agreement by the purchaser, nor the consummation of the contemplated transactions by the purchaser, will conflict with, or result in a breach of any terms, provisions or conditions of any law or regulation or other order, decree, writ or injunction of any court;

(D) No representation or warranty by the purchaser in this agreement, nor any document, statement, certificate or schedule furnished or to be furnished to the seller pursuant hereto or in connection with the transactions contemplated herein, contain any untrue statement of a fact or omits to state a material fact necessary to make the statement of fact contained therein not misleading;

(E) This agreement is a legal, valid and binding obligation of the purchaser, in accordance with its terms and conditions, subject to limitations, imposed by laws relating to the enforcement of creditors' rights upon bankruptcy, insolvency, reorganization and the like, and to usual equitable principals; and

(F) Purchaser has not incurred any obligation or liability, contingent or otherwise, for brokerage or finders' fees or agents' commissions or other compensation in connection with this agreement or the transaction contemplated hereby, and purchaser agrees to indemnify and hold harmless seller from and against and in respect of any such obligation or liability based in any way on agreements, arrangements or understandings claimed to have been made by purchaser with any third party.

## ARTICLE VI
## CLOSING

6.1   **DATE, TIME AND PLACE:**  The consummation of the transaction contemplated hereunder ("Closing") shall take place on or before June 30, 2009. The closing shall take place at: Law Offices of Daniel Gass, P.A., 10001 N.W. 50th Street, Suite 204, Sunrise, Florida 33351.

6.2   **SELLER'S DOCUMENTS:**  At the closing, Seller shall execute and deliver to Purchaser the following:

(A)   The bill of sale, in a form and in substance satisfactory to the Purchaser's counsel, in favor of Purchaser for all assets described in Article I, Section 1.1.

(B)   Without limitation by the specific enumeration of the foregoing, all other documents reasonably required to consummate the transactions herein contemplated.

6.3   **PURCHASER'S DOCUMENTS:**  At the closing, Purchaser shall execute or deliver to Seller the following:

(A)   A cash payment in accordance with the terms, provisions, and conditions of this Agreement.

8

Net Asset Purchase Agreement between Antico Stone, LLC, ("Seller") and M.Z.AY., Inc. ("Purchaser")

    (B)    Any other documents reasonably requested by Seller required to consummate the transactions herein contemplated.

## ARTICLE VII
## CLOSING ADJUSTMENTS

7.1    Any and all liabilities incurred in connection with any contracts, documents or instruments that are to be assigned to purchaser shall be prorated through May 27, 2009, or if otherwise, as of the closing date, but for the security deposit and last month's rent as to the Lease.

## ARTICLE VIII
## MISCELLANEOUS

8.1    NOTICE: All notices to be given hereunder shall be in writing and shall be delivered in person or sent certified mail, return receipt requested, with postage prepaid, to the parties at the following addresses (or to such other or further addresses as the parties may hereafter designate by like notice similarly sent):

| | |
|---|---|
| If to Purchaser: | M.Z.A.Y. OF FL, INC.<br>C/O Moshe Zuk<br>2001 N.W. 44th Street,<br>Pompano Beach, Florida 33064 |
| Copy to: | Marshall D. Platt, P.A.<br>4030-C Sheridan Street<br>Hollywood, Florida 33021 |
| If to Seller: | Antico Stone, LLC<br>C/O Avi Yahav<br>2001 N.W. 44th Street,<br>Pompano Beach, Florida 33064 |
| Copy to: | Daniel Gass, P.A.<br>10001 N.W. 50th Street; Suite 204<br>Sunrise, Florida 33351 |

All notices given in accordance with the foregoing shall be deemed given when delivered in person, or two days after being deposited in the United States Mail in accordance with the foregoing.

9

Net Asset Purchase Agreement between Antico Stone, LLC, ("Seller") and M.Z.AY., Inc. ("Purchaser")

8.2 **ENTIRE AGREEMENT**: This agreement and the exhibits attached hereto embody the entire agreement between the parties in connection with this transaction and there are no oral or parole agreements, representations or inducements existing between the parties relating to this transaction which are not expressly set forth herein and covered hereby. This agreement may not be modified except by a written agreement signed by the parties.

8.3 **SURVIVAL OF COVENANTS**: Each covenant set forth in Section 5.1 shall survive this closing and delivery of other documents contemplated herein for a period of twenty-four (24) months after the closing date, including all covenants and agreements which are to be performed or applied to circumstances subsequent to the closing date.

8.4 **BINDING EFFECT**: This agreement shall be binding upon and inure to the benefit of the parties hereto, their respective heirs, legal representatives, administrators, successors, successors in interest and assigns.

8.5 **HEADINGS**: The captions, section numbers and article numbers appearing in this agreement are inserted only as a matter of convenience and do not define, limit, construe, or describe the scope or intent of such paragraphs or articles of this agreement, nor in any way affect this agreement.

8.6 **GOVERNING LAW**: This agreement shall be construed and interpreted in accordance with the laws of the State of Florida.

8.7 **DRAFTING:** This agreement shall be construed to be mutually drafted by both parties.

8.8 **DISCLOSURE OF INFORMATION:** Seller acknowledges that the books, records, lists of employees, lists of creditors and debtors, as well as list of "Antico Stone, LLC" customers as they may exist from time to time is a valuable, special and unique asset of Seller's business. Seller will not disclose said list to any other person, firm, corporation, association or other entity for any reason or purposes whatsoever. In the event of a breach, or threatened breach by Seller under the provisions of this paragraph, M.Z.A.Y. OF FL, INC. shall be entitled to an injunction restraining order and relief as to Seller from disclosing in whole or part any of the above referenced lists, or from rendering any services to any person, firm, corporation, association or other entity to whom said lists, in whole or part, have been disclosed or is threatened to be disclosed. Nothing herein shall be construed as prohibiting M.Z.A.Y. OF FL, INC. from pursuing any other remedy available to M.Z.A.Y. OF FL, INC. for such breach or threatened breach including the remedy of damages from Employee.

Any breach of these Agreements whatsoever shall cause the appropriate company to obtain without bond full restraining order and seek full redress and punitive damages as provided by Federal, State, and County Courts.

10

Net Asset Purchase Agreement between Antico Stone, LLC, ("Seller") and M.Z.AY., Inc. ("Purchaser")

8.10 **NON-COMPETITIVE AND RESTRICTIVE COVENANT**: Seller agrees that they are now in possession of certain valuable and confidential information and/or other benefits of Seller and herein agrees that said information shall be considered and treated as trade secrets and may not be disclosed outside the corporation by Seller. That the undersigned will not operate in any manner become interested in or establish, directly or indirectly, a business of similar nature, nor shall employee hire an employee, independent contractor or consultant of "Antico Stone, LLC" for any reason whatsoever as to conducting the same and/or similar business of "Antico Stone, LLC" for a period of five (5) year from the termination of this Agreement or the termination of any extension of this Agreement without the express written authority of M.Z.A.Y. OF FL, INC.. Any breach of this Agreement whatsoever shall cause the company to obtain without bond a full restraining order and seek full redress and punitive damages as provided by Federal, State and County Courts.

8.11 **ARBITRATION**: Both parties agree that all disputes arising in connection with this Agreement shall be submitted to and finally settled upon the rules of the American Arbitration Association ("AAA"), by a single arbitrator appointed in accordance with the then existing commercial rules of the AAA as the sole and exclusive remedy for any dispute arising hereunder. The length of the arbitration shall be agreed to by the parties and in no event shall exceed a total of seven (7) days in duration. The parties further agree that the arbitration shall take place in Fort Lauderdale, Broward County, Florida. The prevailing party in any such proceeding shall be reimbursed for its reasonable attorneys fees and costs incurred in the proceeding. The arbitrator shall designate who is the prevailing party. In the event that at the end of seven (7) days there is no prevailing party, then appropriate legal action may be taken by the filing of suit by either party.

8.12 **WAIVER OF BREACH:** The waiver by any party of a breach of any provision of this Agreement by the other party shall not operate or be construed as a waiver of any subsequent breach by either party. No waiver shall be valid unless in writing and signed by all parties.

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the day and year first above written.

PURCHASER: M.Z.A.Y. OF FL, INC.

By: _____
Steve Levy, Treasurer

SELLER: Antico Stone, LLC

By: _____
Avi Yadav, Manager

11

Net Asset Purchase Agreement between Antico Stone, LLC, ("Seller") and M.Z.AY., Inc. ("Purchaser")

## EXHIBIT A - ASSET LIST

| | |
|---|---|
| 50% interest in Novo Collection East USA, Inc. EIN: 26-1817217 | $ -0- |
| Inventory | $ 3,398,709 |
| Allowance for obsolete & mark downs | $ 926,148 |
| Tangible Assets | $ 104,620 |
| Total Assets | $ 2,577,181 |

## EXHIBIT B - ASSUMED LIABILITY LIST

| | |
|---|---|
| Accounts Payable | $ 1,656,255 |
| Prepaid Accounts Receivable | $ 351,097 |
| Loan from H.R. | $ 150,000 |
| Total Liabilities | $ 2,157,352 |

12

## AFFIDAVIT OF AVI YAHAV

State of Florida:

County of Broward:

Before me, the undersigned authority, personally appeared AVI YAHAV, a witness of lawful age who, after being first duly sworn, deposes and states as follows:

1. My name is Avi Yahav, I am over 18 years of age and a resident of Palm Beach County, Florida.
2. I have personal knowledge of the validity of the facts set forth in this affidavit and understand the implications of giving testimony under oath.
3. ~~I was the Manager of Antico Stone, LLC.~~
4. I have reviewed Defendants, Antico Stone, LLC, Yahav Properties, LLC and Avi Yahav's Response to Plaintiff's Motion for order to Show Cause Why Prejudgment Writ of Replevin Should Not Be Issued and agree with the contents therein.
5. I further state the attached Net Asset Purchase Agreement was signed by me as Manager of Antico Stone, LLC and by an officer of the purchasing entity.
6. The inventory that is the subject of this Replevin action is no longer owned or possessed by Antico Stone, LLC, via the above referenced Net Asset Purchase Agreement.
7. Nor is the inventory that is the subject of the Replevin action owned or possessed by the purchasing entity. Since the inventory was liquidated to pay Antico Stone, LLC and its regular operating expenses and has since been turned over and replaced.

FURTHER AFFIANT SAYETH NAUGHT.

_____
AVI YAHAV

Sworn to and subscribed before me, the undersigned authority, by AVI YAHAV, who did take an oath on this 22nd day of July, 2010. AVI YAHAV produced the following ID: _____.

_____
Notary Public – State of Florida

DORCIANE POLITO
MY COMMISSION # DD 919696
EXPIRES: October 7, 2013
Bonded Thru Notary Public Underwriters

EXHIBIT
Yahav 2
7-23-10