# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                    Case No.   10-31130-JKO

                                                Chapter    7

ANTICO STONE, LLC

_____Debtor_____/

## MOTION TO CONVERT CASE UNDER CHAPTER 7
## TO CASE UNDER CHAPTER 11

Pursuant to 11 U.S.C. §706 the debtor files this Motion to Convert Case Under Chapter 7 to Case Under Chapter 11 and in furtherance thereof the debtor states that:

1. This chapter 7 case was filed on July 23, 2010 and has not been converted under 11 U.S.C. §1112, §1208 or §1307.

2. The debtor has filed this motion to convert this case to a case under chapter 11 of the Bankruptcy Code pursuant to 11 U.S.C. §706(a) and served it on required parties in accordance with Local Rule 9013-1(D)(3)(h).

3. The debtor has listed the debtor's equity security holders of each class, showing the number and kind of interests registered in the name of each holder and the last known name and address or place of business of each holder, as required by Bankruptcy Rule 1007(a)(3) and Local Rule 1019-1(C); and in accordance with Local Rules 1007-2 and 1009-1(D).

4. The debtor has filed the statements and schedules in this case.

5. The debtor is a small business in this case and has filed with the trustee the most recent balance sheet, statement of operations, cash flow statement and Federal income tax returns. Further, debtor agrees to file the tax returns which are restricted as provided under Local Rule 5005-1(A)(2)(c) upon Order of the Court.

6. The debtor is prepared to pay a conversion fee of $755.00.

7. The trustee, Kenneth Welt, has been appointed and has only recently retained counsel and a public accountant and subject to the approval of this Court, the debtor would be willing to compensate the Trustee's retained professionals for any time expended to date.

8. The debtor is not currently operating and expects to resume operation upon conversion.

9. Immediately upon conversion and under a Chapter 11 proceeding, the debtor will immediately seek to undo the transfer that was commenced on or about June 30, 2009 to the buyer, M.Z.A.Y. of FL, LLC. Conversion to Chapter 11 will afford the debtor the appropriate venue to effectuate such reversal of the transfer and deal with its obligations.

10. The sale in 2009 provided for payment, or assumption, of a substantial amount of the unsecured debt and the buyer was not informed about any secured debt. Relief from stay would only work to the reduced benefit of Citibank, N.A. and the unsecured creditors will probably be wiped out. At least in a Chapter 11 the secured creditor would receive more and the unsecured creditors would stand to receive a substantial percentage of their outstanding balance.

11. Conversion will allow the debtor to reorganize or liquidate in an orderly fashion, thus maximizing the value of the assets for the benefit of its secured (Citibank, N.A.) and unsecured creditors.

**Wherefore**, Since the case at bar has not been previously converted under 11 U.S.C. §1112, §1208 or §1307, the debtor requests that the court find it is entitled to be a debtor-in-possession under Chapter 11 and so convert from the currently filed Chapter 7 Case.

Respectfully submitted this 30th day of August, 2010.

Submitted By:

Daniel G. Gass, Esquire
Bar No.: 19569
10001 NW 50th Street
Suite 204
Sunrise, FL 33351
Telephone: (954) 741-8228